Michael A. Faillace
Michael Faillace & Associates, P.C.
60 East 42nd St., Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X

JAVIER PEDRAZA MARES, *individually and on*
*behalf of others similarly situated,*

                                   *Plaintiff,*

                        -against-

KANG REGENCY CORP. (d/b/a REGENCY
CLEANERS), REGENCY CLEANERS INC. (d/b/a
REGENCY CLEANERS), HONGPIN KANG, AND
JOHN DOE

                          *Defendants.*
------------------------------------------------------------------X

             **COMPLAINT**

             **COLLECTIVE ACTION**
             **UNDER 29 U.S.C. § 216(b)**

             **ECF Case**

Plaintiff Javier Pedraza Mares, individually and on behalf of others similarly situated ("Plaintiff"), by and through his attorneys, Michael Faillace & Associates, P.C., upon information and belief, and as against each of Defendants Kang Regency Corp. (d/b/a/ Regency Cleaners), Regency Cleaners Inc. (d/b/a Regency Cleaners), ("Defendant Corporations"), Hongpin Kang  and John Doe (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1.       Plaintiff is a former employee of Defendants Kang Regency Corp. (d/b/a Regency Cleaners), Regency Cleaners Inc. (d/b/a Regency Cleaners), Hongpin Kang, and John Doe.

2.      Upon information and belief, Defendants own, operate or control a full service cleaner which operates under the name Regency Cleaners and is located at 1203 Second Avenue, New York, New York 10065.

3.      Upon information and belief, Defendants, Hongpin Kang, and John Doe serve or served as owners, managers, principals or agents of Defendant Corporations and through these corporate entities operate or operated the full service laundry and cleaner as a joint or unified enterprise.

4.      Plaintiff Pedraza is a former employee of Defendants.

5.      Plaintiff Pedraza worked at the full service laundry and cleaner located at 1203 Second Avenue, New York, New York 10065, where his duties included but were not limited to ironing and delivering clothes to clients.

6.      Plaintiff Pedraza regularly worked for Defendants in excess of 40 hours per week, without appropriate minimum wage or overtime compensation for any of the hours that he worked.

7.      Rather, Defendants failed to maintain accurate recordkeeping of his hours worked, fail to pay Plaintiff Pedraza appropriately for any hours worked over 40, either at the straight rate of pay, or for any additional overtime premium.

8.      Further, Defendants failed to pay Plaintiff Pedraza the required "spread of hours" pay for any day in which he had to work over 10 hours per day.

9.      Defendants' conduct extends beyond Plaintiff Pedraza to all other similarly situated employees.

10.     At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Pedraza and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11.     Plaintiff Pedraza  now brings this action on behalf of himself  and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et seq.*, and the minimum wage, overtime, and spread-of-hours law and the associated regulations of the New York Commissioner of Labor codified at N.Y.C.R.R. Tit. 12 §§ 146-1.6) (herein the "Spread of Hours Wage Order"),, including applicable liquidated damages, interest, attorneys' fees and costs.

12.     Plaintiff Pedraza seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION and VENUE

13.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Pedraza's state law claims is conferred by 28 U.S.C. § 1367(a).

14.     Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiff Pedraza was employed by Defendants in this district.

## PARTIES

*Plaintiff Javier Pedraza Mares*

15.     Plaintiff Javier Pedraza Mares ("Plaintiff Pedraza" or "Mr. Pedraza") is an adult individual residing in New York County, New York.  Plaintiff Pedraza was employed by Defendants from approximately 2003 until on or about May 22, 2017.

16.     At all relevant times to this complaint, Plaintiff Pedraza was employed by Defendants to iron and deliver clothes to customers at Regency Cleaners located at 1203 Second Avenue, New York, New York 10065.

17.     Plaintiff Pedraza consents to being party Plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

18.     Defendants own, operate, and/or control a full service Laundry and cleaner located at 1203 Second Avenue, New York, New York 10065, under the name "Regency Cleaners".

19.     Upon information and belief, Defendant Kang Regency Corp. (d/b/a Regency Cleaners or "Defendant Corporation") is a corporation organized and existing under the laws of the State of New York.

20.     Upon information and belief, Defendant Regency Cleaners Inc. (d/b/a Regency Cleaners or "Defendant Corporation") is a corporation organized and existing under the laws of the State of New York.

21.     Upon information and belief, Defendant Corporations maintain their principle place of business at 1203 Second Avenue, New York, New York 10065.

22.     Defendants Hongpin Kang and John Doe are individuals engaging (or who were engaged) in business within this judicial district during the relevant time period.

23.     Defendants Hongpin Kang and John Doe are sued individually and in their capacity as owner, offices and/or agent of Defendant Corporations.

24.     Defendants Hongpin Kang and John Doe possess operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or control significant functions of Defendant Corporations.

25.     Defendants Hongpin Kang and John Doe determined the wages and compensation of the employees of Defendants, including Plaintiff Pedraza, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

*Defendants Constitute Joint Employers*

26.     Defendants operate a full service laundry and cleaner located at the Upper East Side section of New York City.

27.     At all relevant times, Individual Defendants Hongpin Kang and John Doe possessed operational control over Defendant Corporations, possessed an ownership interest in Defendant Corporations, and controlled significant functions of Defendant Corporations.

28.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

29.     At all relevant times, each Defendant possessed substantial control over Plaintiff Pedraza's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Pedraza, and all similarly situated individuals, referred to herein.

30.     Defendants jointly employed Plaintiff Pedraza, and all similarly situated individuals, and are Plaintiff Pedraza's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

31.     In the alternative, Defendants constitute a single employer of Plaintiff Pedraza and/or similarly situated individuals.

32.     Upon information and belief, Individual Defendants Hongpin Kang and John Doe either operated Defendant Corporations as either an alter ego of themselves, and/or failed to operate Defendant Corporations as entities legally separate and apart from themselves by, among other things:

(a)     failing to adhere to the corporate formalities necessary to operate Defendant Corporations as a separate and legally distinct entity;

(b)     defectively forming or maintaining Defendant Corporations by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

(c)     transferring assets and debts freely as between all Defendants;

(d)     operating Defendant Corporations for their own benefit as the sole or majority shareholders;

(e)      operating Defendant Corporations for their own benefit and maintaining control over it as a closed Corporations or closely controlled entity;

(f)      intermingling assets and debts of their own with Defendant Corporations;

(g)      diminishing and/or transferring assets of Defendant Corporations to protect their own interests; and

(h)      Other actions evincing a failure to adhere to the corporate form.

33.      At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and NYLL.

34.      Defendants had the power to hire and fire Plaintiff Pedraza, controlled the terms and conditions of his employment, and determined the rate and method of any compensation in exchange for Plaintiff's services.

35.      In each year from 2011 to 2017, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

36.      In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items that were used in the full service dry cleaner/laundry on a daily basis were produced outside of the State of New York.

*Individual Plaintiff*

37.      Plaintiff Pedraza is a former employee of Defendants primarily employed in ironing and delivering clothes to customers.

38.      Plaintiff Pedraza seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Javier Pedraza Mares*

39.    Plaintiff Pedraza was employed by Defendants from approximately 1993 until on or about May 22, 2017.

40.    At all relevant times, Plaintiff Pedraza was employed by Defendants to perform the duties of ironing and delivering clothes to customers.

41.    Plaintiff Pedraza regularly handled goods in interstate commerce, such as starches and other cleaning agents necessary to perform the work that were produced outside of the State of New York.

42.    Plaintiff Pedraza's work duties required neither discretion nor independent judgment.

43.    Throughout his employment with Defendants, Plaintiff Pedraza regularly worked in excess of 40 hours per week.

44.    From approximately May 2011 until on or about May 2015, Plaintiff Pedraza regularly worked from approximately 8:00 a.m. until on or about 6:30 p.m. Mondays through Fridays and from approximately 8:00 a.m. until on or about 4:30 p.m. on Saturdays (typically 61 hours per week).

45.    From approximately May 2015 until on or about May 22, 2017, Plaintiff Pedraza regularly worked from approximately 8:00 a.m. until on or about 5:00 p.m. Mondays through Fridays and from approximately 8:00 a.m. until on or about 4:00 p.m. on Saturdays (typically 53 hours per week).

46.    From approximately May 2011 until on or about May 2015, Plaintiff Pedraza was paid his wages in a combination of check and cash.

47.    From approximately May 2015 until on or about May 22, 2017, Plaintiff Pedraza was paid his wages by check.

48.    From approximately May 2011 until on or about May 2015, defendants paid Plaintiff Pedraza a fixed salary of $350 per week.

49.    From approximately May 2015 until on or about May 22, 2017, defendants paid Plaintiff Pedraza a fixed salary of $400 per week.

50.    Plaintiff Pedraza's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

51.    For example, from approximately May 2011 until on or about May 2015, Defendants required Plaintiff Pedraza to work 30 minutes past his scheduled departure time without paying him any additional compensation for the additional time he worked.

52.    Plaintiff Pedraza was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

53.    No notification, either in the form of posted notices, or other means, was given to Plaintiff Pedraza regarding wages as required under the FLSA and NYLL.

54.    Defendants did not provide Plaintiff Pedraza with each payment of wages a statement of wages, as required by NYLL 195(3).

55.    Defendants did not give any notice to Plaintiff Pedraza, in English and in Spanish (Plaintiff Pedraza's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

56.    Defendants regularly required Plaintiff Pedraza to work in excess of forty (40) hours per week without paying him the proper minimum wage, spread of hours pay and overtime compensation.

57.    At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Pedraza and all similarly situated employees to work in excess of forty (40) hours per week without paying them appropriate minimum wage, overtime compensation, or spread of hours pay as required by federal and state laws.

58.    Plaintiff Pedraza, and upon information and belief, all similarly situated employees, were paid week to week at the same flat rate of pay regardless of the actual hours worked.

59.    Defendants' pay practices resulted in Plaintiff Pedraza not receiving payment for all his hours worked, resulting in Plaintiff Pedraza's effective rate of pay falling below the required minimum and overtime wage rate.

60.    Defendants willfully disregarded and purposefully evaded record keeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

61.    From approximately May 2011 until on or about May 2015, Defendants paid Plaintiff Pedraza all his wages in a combination of check and cash.

62.     From approximately May 2015 until on or about May 22, 2017, Defendants paid Plaintiff Pedraza all his wages by check.

63.     Defendants did not post required wage and hour posters in the full service laundry and cleaner.

64.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Pedraza (and similarly situated individuals) worked, and to avoid paying Plaintiff Pedraza  properly for his full hours worked and for overtime wages due.

65.     Plaintiff Pedraza has been a victim of Defendants' common policy and practices violating his rights under the FLSA and New York Labor Law by *inter alia*, not paying him the wages he was owed for the hours he had worked.

66.     As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Pedraza by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

67.     Defendants failed to provide Plaintiff Pedraza  and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

68.    Defendants failed to provide Plaintiff Pedraza  and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

69.    Plaintiff Pedraza brings his FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period"), as employees of Regency Cleaners (the "FLSA Class").

70.    At all relevant times, Plaintiff Pedraza  and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required minimum wage under the FLSA, the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, willfully taking improper wage deductions and other improper credits against Plaintiff's wages for which

Defendants did not qualify under the FLSA, and willfully failing to keep records required by the FLSA.

71.     The claims of Plaintiff Pedraza stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

72.     Plaintiff Pedraza repeats and realleges all paragraphs above as though fully set forth herein.

73.     At all times relevant to this action, Defendants were Plaintiff's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

74.     Defendants had the power to hire and fire Plaintiff Pedraza (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

75.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

76.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(r-s).

77.     Defendants failed to pay Plaintiff Pedraza (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

78.     Defendants' failure to pay Plaintiff Pedraza (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

79.     Plaintiff Pedraza (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

80.      Plaintiff Pedraza repeats and realleges all paragraphs above as though fully set forth herein.

81.     Defendants, in violation of the FLSA, failed to pay Plaintiff Pedraza (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

82.     Defendants' failure to pay Plaintiff Pedraza (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

83.      Plaintiff Pedraza (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## VIOLATION OF THE NEW YORK MINIMUM WAGE LAW

84.     Plaintiff Pedraza repeats and realleges all paragraphs above as though fully set forth herein.

85.     At all times relevant to this action, Defendants were Plaintiff Pedraza's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Pedraza (and the FLSA Class members), control terms and conditions of employment, and determine the rates and methods of any compensation in exchange for employment.

86.    Defendants, in violation of the NYLL, paid Plaintiff Pedraza (and the FLSA Class members) less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

87.    Defendants' failure to pay Plaintiff Pedraza (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

88.    Plaintiff Pedraza (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW

89.    Plaintiff Pedraza repeats and realleges all paragraphs above as though fully set forth herein.

90.    Defendants, in violation of N.Y. Lab. Law § 1§190 and 650 et seq., and "overtime wage order" codified at N.Y.C.R.R. Tit. 12 § 142-2.2, *et seq*. and supporting regulations, failed to pay Plaintiff Pedraza  overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

91.    Defendants' failure to pay Plaintiff Pedraza (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

92.    Plaintiff Pedraza (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR

93.     Plaintiff Pedraza repeats and realleges all paragraphs above as though fully set forth herein.

94.     Defendants failed to pay Plaintiff Pedraza (and the FLSA Class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Pedraza's spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq.* and 650 *et seq.* and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

95.     Defendants' failure to pay Plaintiff Pedraza (and the FLSA Class members) an additional hour's pay for each day Plaintiff Pedraza's (and the FLSA Class members) spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

96.     Plaintiff Pedraza (and the FLSA Class members) were damaged in an amount to be determined at trial.

<u>SIXTH CAUSE OF ACTION</u>
**VIOLATION OF THE NOTICE AND RECORDKEEPING
REQUIREMENTS OF THE NEW YORK LABOR LAW**

97.     Plaintiff Pedraza repeats and realleges all paragraphs above as though fully set forth herein.

98.     Defendants failed to provide Plaintiff Pedraza with a written notice, in English and in Spanish (Plaintiff's primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

99.     Defendants are liable to Plaintiff Pedraza in the amount of $5,000, together with costs and attorneys fees.

<u>SEVENTH CAUSE OF ACTION</u>

**VIOLATION OF THE WAGE STATEMENT PROVISIONS
OF THE NEW YORK LABOR LAW**

100.    Plaintiff Pedraza repeats and realleges all paragraphs above as though set forth fully herein.

101.    Defendants did not provide Plaintiff Pedraza with wage statements upon each payment of wages, as required by NYLL 195(3).

102.    Defendants are liable to Plaintiff Pedraza in the amount of $5,000, together with costs and attorneys fees.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff Pedraza respectfully request that this Court enter judgment against Defendants:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Pedraza  and the FLSA class members;

(c)    Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Pedraza and the FLSA class members;

(d)    Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Pedraza's and the

FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Pedraza  and the FLSA class members;

(f)     Awarding Plaintiff Pedraza  and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Pedraza  and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants have violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Pedraza  and the members of the FLSA Class;

(i)     Declaring that Defendants have violated the minimum wage, overtime, and spread-of-hours provisions and associated rules and regulations under the NYLL as to Plaintiff Pedraza  Perez and the FLSA class members;

(j)     Declaring that Defendants have violated the recordkeeping requirements of the NYLL with respect to Plaintiff Pedraza's  and the FLSA Class members' compensation, hours, wages; and any deductions or credits taken against wages;

(k)     Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Pedraza and the FLSA Class members;

(l)     Awarding Plaintiff Pedraza  and the FLSA class members damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages as well as spread of hours pay under the NYLL;

(m)     Declaring that Defendants have violated the provisions of section 191 of the NYLL;

(n)     Awarding Plaintiff Pedraza  and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation and spread of hours pay shown to be owed pursuant to NYLL § 663 and Article 6, as applicable;

(o)     Awarding Plaintiff Pedraza  and the FLSA class members pre-judgment and post-judgment interest as applicable;

(p)      Awarding Plaintiff Pedraza  and the FLSA class members the expenses incurred in this action, including costs and attorney's fees;

(q)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)     All such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiff Pedraza demands a trial by jury on all issues triable by a jury

Dated: New York, New York
        May 23, 2017

19

MICHAEL FAILLACE & ASSOCIATES, P.C.

_____/s/ Michael Faillace_____

By:     Michael A. Faillace
        60 East 42nd St., Suite 4510
        New York, New York 10165
        (212) 317-1200
        *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

_____

Faillace@employmentcompliance.com

May 22, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Javier Pedraza Mares

Legal Representative / Abogado:         Michael Faillace & Associates, P.C.

Signature / Firma:                      Javier Pedraza

Date / Fecha:                           22 de mayo de 2017