# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E. 42nd Street, Suite 4510                  Telephone: (212) 317-1200
New York, New York 10165                      Facsimile: (212) 317-1620

_____

cmulholland@faillacelaw.com

January 25, 2019

**VIA ECF**
Honorable Henry B. Pitman
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

         Re:     Pedraza Mares et al v. Kang Regency Corp. et al,
                       17-cv-03882

Your Honor,

       This firm represents the Plaintiff ("Plaintiff") in the above-referenced matter. Plaintiff writes to request that the Court approve the settlement agreement ("the Agreement") reached by the parties herein as "fair and reasonable." *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). The Agreement is attached hereto as **Exhibit A**.

       Plaintiffs have agreed to settle all of claims in this action. Specifically, the Parties and their counsel have considered that the interests of all concerned are best served by compromise, settlement and dismissal of these claims with prejudice, in exchange for consideration as set forth in the Agreement. The Agreement is the result of arms-length bargaining between the Parties throughout litigation and just prior to trial. The Agreement reflects a desire by the Parties to fully and finally settle and compromise all of Plaintiffs' claims against all the Parties asserted in this case as outlined more specifically in the attached Agreement.

       The Parties have concluded that the Agreement is fair, reasonable, adequate, and in the Parties' mutual best interests. For these reasons and based on the reasons set forth below, the Parties jointly and respectfully request that that Court enter an Order approving the settlement as fair and reasonable.

January 25, 2019
Page 2

## I. Statement of the Case

This is an action for money damages brought by Plaintiffs. Plaintiffs alleged violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and violations of the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"). Specifically, Plaintiffs were employed at Defendants' laundromat in Manhattan. Plaintiffs alleged Defendants engaged in a wide variety of FLSA and NYLL violations, including failure to pay appropriate overtime, failure to pay spread of hours pay pursuant to the spread of hours wage order of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, 146-1.6 (herein the Spread of Hours Wage Order), and violation of the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. §195).

Plaintiffs alleged that, if successful on all of their claims, they would obtain wage damages, before liquidated damages and other damages, of approximately $121,000.00 or $68,000.00 depending on how the issue of which of two competing damage calculations would be applied – the 'Divided by 40 Method' or the 'Divide by Hours Worked Method'.

Defendants denied most of the allegations including but not limited to the hours allegedly worked by the Plaintiffs.

## II. The Proposed Settlement is Fair and Reasonable

Under the settlement, Defendants will pay $45,000.00 to settle all claims.

Twenty-Nine Thousand Five Hundred Forty-Three Dollars and Forty-Three Cents ($29,543.43) of the settlement amount will be paid to the Plaintiffs to be divided pro rata between the Plaintiffs' relative to their alleged damages as calculated in the complaint. This sum is two- thirds of the settlement fund after removing $707.00 in costs for filing the complaint and service of process ($45,000.00 minus $707.00 = $44,293.00).

The remaining third of the settlement – ($15,456.57) - will be applied as attorneys' fees and costs, subject to the court's review and approval. ($12,254.80 = (.333 * $44,293) + $707.00).

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F.Supp.2d 362, 365 (S.D.N.Y. 2013) (*quoting* Crabtree v. Volkert, Inc., 2013 WL 593500, at *3 (S.D.Ala. Feb. 14, 2013)). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id.* (*quoting* Le v. SITA Info. Networking Computing USA, Inc., 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between

January 25, 2019
Page 3

experienced counsel'; and (5) the possibility of fraud or collusion." Wolinsky, 900 F.Supp.2d at 225 (*quoting* Medley v. Am. Cancer Soc., No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

The agreement here has been reached fairly with the advice of experienced employment counsel. Plaintiffs have been represented by experienced counsel throughout this lawsuit and have made an informed decision to settle the action at this stage of litigation without the risk of a contrary finding of fact at trial or the risks of having to pursue their recovery in subsequent collection litigation.

The $29,543.43 that Plaintiffs will be receiving accounts for a significant amount of the alleged unpaid wages that they might have recovered had they been entirely successful at trial.

Furthermore, the settlement agreement is the product of arm's-length bargaining between experienced counsels, reached after months of negotiation.

**Plaintiff's Attorneys' Fees Are Fair and Reasonable**

Under the settlement, Plaintiff's counsel will receive $15,456.57 from the settlement fund as attorneys' fees and costs, subject to review and approval of the court.  This represents one third of the recovery in this litigation, a reduction in fees from what is identified in Plaintiff's retainer agreement, which provides that forty percent of Plaintiff's recovery will be retained by the firm.  Therefore, Plaintiff has already agreed to a fee that is higher than is provided for in the settlement.

The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit.  *See* Castaneda v. My Belly's Playlist LLC, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also* Calle v. Elite Specialty Coatings Plus, Inc., 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit").  In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. *See* Alleyne v. Time Moving & Storage Inc., 264 F.R.D. at 60; *see also* McDaniel v. Cnty. of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010).

Given Plaintiff's counsel's significant experience representing plaintiffs in New York City in wage and hour litigation, Plaintiff's counsel was able to obtain a favorable pre-trial result due to the parties' cooperative exchange of information and frequent negotiations. A brief biography of each attorney who performed billed work in this matter is as follows:

- Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983.  His work is billed at $450 per hour.  From 1983 to 2000, he was in-house Employment Counsel with International Business Machines

January 25, 2019
Page 4

    Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

- Colin Mulholland is an associate with Michael Faillace & Associates since May of 2017. He has been practicing law since February of 2013. At his first firm, Heriberto A. Cabrera & Associates, Mr. Mulholland was the lead civil litigator on dozens of civil lawsuits which included over a dozen FLSA/NYLL claims where he performed as lead counsel for three and a half years. He was an associate with Michael Lamonsoff & Associates for one year where he managed a case load of over 100 personal injury lawsuits. He bills at a rate of $375 per hour.

It is fair and reasonable for Plaintiff's attorneys to receive one-third of the total settlement amount. While the amount of the settlement that is going to attorneys' fees is more than the lodestar amount, " 'the most critical factor' in a district court's determination of what constitutes reasonable attorney's fees in a given case 'is the degree of success obtained' by the plaintiff," Barfield v. N.Y.C. Health & Hosps. Corp., 537 F.3d 132, 152 (2d Cir. 2008) (quoting Farrar v. Hobby, 506 U.S. 103,114 (1992)). The percentage method provides a powerful incentive to attorneys for plaintiffs in contingency fee FLSA cases to obtain the highest possible settlement amount for their clients and to avoid unnecessary litigation in an effort to build up a lodestar. See Hyun, 2016 U.S. Dist. LEXIS 39115, *7 (S.D.N.Y. Mar. 24, 2016) ("[T]he Court finds that the percentage method, which avoids the lodestar method's potential to 'create a disincentive to early settlement,' is appropriate") (quoting McDaniel v. City of Schenectady, 595 F.3d 411, 418 (2d Cir. 2010)).

Judge Abrams recently opined that:

> "When using a "percentage of the fund" approach, 'courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases.' {citation omitted} {…} Even accepting the hours and fees requested by Plaintiff's counsel as accurate and reasonable, the fee award requested here has a lodestar multiplier of 5.23. This multiplier is on the high end of those generally allowed in this Circuit, but it is not unheard of. See Johnson v. Brennan, No. 10-CV-4712 (CM), 2011 WL 4357376, at *20 (S.D.N.Y. Sept. 16, 2011) ("Courts regularly award lodestar multipliers from two to six times lodestar."); see also Shapiro v. JPMorgan Chase & Co., No. 11-CV-7961 (CM), 2014 WL 1224666, at *24 (S.D.N.Y. Mar. 24, 2014) ("Lodestar multipliers of nearly 5 have been deemed `common' by courts in this District."). Assuming the multiplier here is somewhat higher than normally awarded, this Court nonetheless recognizes the importance of encouraging the swift resolution of cases like this one and avoiding 'creat[ing] a disincentive to early settlement'—particularly where such settlement has provided Plaintiff with a substantial

January 25, 2019
Page 5

and speedy result." <u>Pinzon v. Jony Food Corp., et al.</u>, No. 18-cv-105 (RA) S.D.N.Y. May 24th, 2018.

Here, Plaintiffs were able to obtain a satisfactory outcome against experienced defense counsel. In addition, the costs and fees requested are in accordance with the Plaintiffs' engagement agreements with counsel, which provided that counsel would receive their reasonable attorney's fees and be reimbursed for costs incurred. Therefore, everyone covered by this settlement has already agreed to the fee provided for in the settlement.

**<u>Conclusion</u>**

In full consideration of the issues presented in *Cheeks,* we believe that the parties' Agreement is fair and reasonable, and that the settlement should be approved. A copy of the parties' Agreement is submitted herewith.

Thank you for your consideration in this matter.

Respectfully submitted,

*/s/Colin Mulholland, Esq.*
Colin Mulholland, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
Attorneys for the Plaintiff

Enclosures